[Cite as *State v. Sloan*, 2014-Ohio-5213.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-14-017 |
| Appellee | Trial Court No. CRB 1301022 |
| v. | |
| Dale A. Sloan | **DECISION AND JUDGMENT** |
| Appellant | Decided: November 21, 2014 |

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} This is an accelerated *Anders* appeal. Appellant, Dale Sloan, appeals the judgment of the Fremont Municipal Court, sentencing him to 90 days in jail following a jury trial in which he was found guilty of obstructing official business.

## A. Facts and Procedural Background

{¶ 2} The incident giving rise to appellant's conviction occurred on the evening of December 7, 2013, outside a bar known as The Pit Stop, located in Fremont, Ohio. At around 10:00 p.m., the bar's manager, Thomas Pitts, noticed a group of men attempting to steal alcohol from the bar's storage area. Pitts then grabbed one of the men in the group, at which point a bottle of liquor fell out of the man's coat. An argument ensued, culminating in somebody from the group brandishing a handgun.

{¶ 3} As a result of the escalation brought about by the firearm, Pitts contacted the police. At that point, the group fled the scene and made their way to a silver Chevrolet Malibu that was parked outside the bar. While the men remained sitting in the car, several officers arrived on the scene. In discussing the identity of the perpetrators with the responding officers, Pitts was able to point out the Malibu. Fremont Police Officer, Anthony Emrich, proceeded to approach the vehicle in an attempt to question the passengers. As he approached the car, however, the driver began to pull away. As the car was pulling away, Emrich tapped on the front and rear of the car, ordering the driver to stop. Notwithstanding Emrich's orders, the driver made a U-turn and sped away. As the car was fleeing the scene, another police officer, Brian Kingsborough, was able to identify appellant as the driver. At trial, Kingsborough testified that he immediately recognized appellant, having issued him several prior citations for driving with a suspended license.

2.

{¶ 4} Eventually, Kingsborough and Emrich gave chase and located the Malibu in the middle of a nearby street, left abandoned by the driver with two out-of-state passengers remaining in the vehicle. While the officers were apprehending the passengers, appellant approached them and inquired about the car, which was owned by his girlfriend, because he "heard something was going on."

{¶ 5} As a consequence of the foregoing, appellant was ultimately charged with one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. A jury trial was commenced. At the conclusion of the trial, appellant was found guilty. The trial court immediately proceeded to sentencing, and appellant was ordered to serve 90 days in jail. Appellant's timely appeal followed.

## II. Analysis

{¶ 6} Based upon his belief that no prejudicial error occurred below, appellant's appointed counsel has filed a motion to withdraw and a no-error brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶ 7} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.*

3.

**{¶ 8}** Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

**{¶ 9}** In this case, appellant's counsel has filed a no-error brief pursuant to 6th Dist.Loc.App.R. 10, which provides, in relevant part:

> (G) No-Error Briefs. In a criminal appeal in which counsel has been appointed for the appellant, counsel may file a no-error brief under the procedure identified in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and its progeny, if counsel concludes that the appeal presents no issue of arguable merit prejudicial to the defendant and is wholly frivolous.

> (1) Contents of a no-error brief. A no-error brief shall not contain assignments of error and shall contain the following:

> (a) A statement that counsel's conscientious examination of the record has led counsel to conclude that the appeal presents no issue of arguable merit prejudicial to the defendant and is wholly frivolous.

(b) A request that the court independently examine the record to determine if it discloses an issue of arguable merit prejudicial to the defendant.

(c) Reference to any part of the record that might arguably support the appeal.

(2) Statement of compliance. Counsel shall state, either in the no-error brief or in an affidavit, that counsel has done all of the following:

(a) Conscientiously examined the record;

(b) Concluded that the record discloses no issue of arguable merit, and that the appeal is wholly frivolous;

(c) Communicated this conclusion to the appellant; and

(d) Informed appellant that appellant may file a pro se brief within 45 days concerning any issues appellant wants to raise on appeal.

(3) Motion to withdraw. Counsel shall file a motion to withdraw as counsel and shall indicate in the motion that counsel remains appointed to assist the appellant in the prosecution of the appeal unless and until the motion is granted.

(4) Service. Counsel shall serve on the appellant, and shall serve as otherwise required by App.R. 13, copies of the no-error brief, counsel's affidavit, if any, and counsel's motion to withdraw.

{¶ 10} We have reviewed the no-error brief filed by appellant's counsel. Based on our review, we find that appellant's counsel has satisfied the requirements set forth in *Anders* and 6th Dist.Loc.App.R. 10(G). Moreover, we note that appellant has not filed a pro se brief. In addition to our review of the no-error brief, we have conducted a thorough examination of the entire record below. We conclude that this appeal lacks any issue of arguable merit and is, therefore, wholly frivolous.

### III.  Conclusion

{¶ 11} In light of the foregoing, we grant counsel's motion to withdraw. The judgment of the Fremont Municipal Court is affirmed. Appellant's O.R. bond is hereby revoked. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                              JUDGE
Arlene Singer, J.          

Stephen A. Yarbrough, P.J.          _____
CONCUR.                                              JUDGE


                                              _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.